**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SUPASTAR WARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:26-cv-00512-MTS |
| | ) |
| JANE SUMMER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## <u>**MEMORANDUM OPINION**</u>

This matter is before the Court on Plaintiff Supastar Ware's Application to Proceed in District Court without Prepaying Fees or Costs.  Doc. [2].  Plaintiff is not eligible to proceed *in forma pauperis*  here because he has three strikes and does not allege facts showing that he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g); *see also Ware v. Mo. Dep't of Corr.*, 4:25-cv-1262-SEP, 2025 WL 2636429, at *1 (E.D. Mo. Sept. 12, 2025) (collecting Ware's strikes).  For this reason, the Court will dismiss this action without prejudice.  *See Ware v. Missouri Dept of Corr.*, 4:25-cv-1457-MTS, 2025 WL 2821250, at *1 (E.D. Mo. Oct. 3, 2025).  The Court will do so without providing Plaintiff with another opportunity to prepay the filing fee because, based on numerous previous orders of this Court, Plaintiff is aware that he has struck out under § 1915(g).  *See, e.g.*, *id.*; *Ware v. Wilson*, 4:25-cv-1516-JMB, 2025 WL 3240140, at *1 (E.D. Mo. Nov. 20, 2025).

Though Plaintiff is aware that he has struck out, he continues to falsely allege in his complaints that he has never had a single case dismissed under 28 U.S.C. § 1915(g).

*See, e.g.*, Doc. [1] at 35 (indicating that he has never "had a case dismissed on the basis of this 'three strikes rule'"). This representation is patently false because Plaintiff has had numerous cases dismissed for this reason, and the Court has explicitly told him so multiple times. This misrepresentation also warrants dismissal of this action without prejudice. *See Ingram v. Warden*, 735 F. App'x 706, 707 (11th Cir. 2018) (per curiam). In addition, the Court reminds Plaintiff that he signs his complaints "under penalty of perjury." *See id.* at 37; *see also* 28 U.S.C. § 1621 (punishing perjury with a fine and imprisonment of up to five years). The Court can refer instances of perjury to the United States Attorney's Office for investigation and possible prosecution, *see Ger-Nis Int'l, LLC v. FJB, Inc.*, 1:07-cv-0898-CM, 2008 WL 2704384, at *16 (S.D.N.Y. July 3, 2008), or levy sanctions under Federal Rule of Civil Procedure 11(c).

* * *

For these reasons, the Court will enter herewith an Order of Dismissal that will dismiss this action without prejudice. Plaintiff may refile this action if he prepays the $405 filing fee in full. *See* E.D. Mo. L.R. 2.01(B)(1). And, in future complaints, Plaintiff must stop providing false information to the Court about his strikes under 28 U.S.C. § 1915(g).

Dated this 15th day of April 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 2 -